NO. 07-04-0410-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 8, 2005

_____

PAUL HAYES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 110TH DISTRICT COURT OF FLOYD COUNTY;

NO. 4171; HONORABLE JOHN R. HOLLUMS, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Paul Hayes was convicted by a jury of

possession of certain chemicals with intent to manufacture a controlled substance and

sentenced to 35 years confinement. By two points of error, appellant contends (1) the trial

court abused its discretion in denying his pretrial motion to suppress, and (2) the evidence is legally and factually insufficient to support his conviction. We affirm.

On November 12, 2003, officers from the South Plains Regional Narcotics Task Force investigated appellant's residence after they received information he was manufacturing methamphetamine. The officers were assisted by the Floyd County Sheriff's Department and Floydada Chief of Police Darrell Gooch. Upon confronting appellant, the officers requested permission to search his residence and the surrounding property. Appellant told the officers they could search and signed a voluntary consent form provided by Chief Gooch verifying that the officers had permission to search the residence. Chief Gooch explained to appellant that the word "residence" included "the out buildings, the shed out front and everything that was within that area."

After obtaining consent, the officers searched appellant's trailer house and found various items commonly used in the manufacture of methamphetamine. Additional components were discovered in a wooden shed in front of appellant's residence and in appellant's vehicle. In a shed located behind the residence, the officers discovered a small air tank containing anhydrous ammonia. Appellant was subsequently arrested and charged with possession of anhydrous ammonia with intent to manufacture methamphetamine. Following a pretrial hearing, the trial court denied appellant's motion to suppress the State's evidence as the result of an unconstitutional search and seizure. By his brief, appellant

contends the trial court erred because the evidence was obtained without a warrant and that any consent was limited to a search of his residence. We disagree.

A trial court's ruling on a motion to suppress is reviewed by an abuse of discretion standard. Oles v. State, 993 S.W.2d 103, 106 ( Tex.Cr.App. 1999). In reviewing trial court rulings on motions to suppress, we afford almost total deference to the trial court's determination of historical facts when it is supported by the record. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997). When, as here, the trial court fails to file findings of fact, we view the evidence in the light most favorable to the trial court's ruling, and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *See* Carmouche v. State, 10 S.W.3d 323, 328 (Tex.Cr.App. 2000). If the trial judge's decision is correct on any theory of law applicable to the case, the decision will be sustained. State v. Ross, 32 S.W.3d 853, 855-56 (Tex.Cr.App. 2000). At a suppression hearing, the trial court is the sole and exclusive trier of fact and judge of the credibility of witnesses and the weight to be given their testimony. *Id*. at 855.

In the present case, appellant concedes he gave the officers consent to search his trailer house. However, he denies ever giving the officers permission to search his vehicle or the two sheds on the property. He relies on the written consent form provided by Chief Gooch to support his claim that his consent was strictly limited to a search of his residence. In response, the State argues that Chief Gooch explained to appellant "that the word

"residence" included everything on the property. Furthermore, at the suppression hearing, the four officers who confronted appellant each testified they received verbal consent to search both the residence and the surrounding area. There was no evidence presented suggesting appellant's consent was coerced or involuntary. Therefore, viewing the evidence in the light most favorable to the trial court's ruling, a determination by the trial court that appellant verbally consented to a search of both the residence and surrounding area would not be an abuse of discretion. Accordingly, appellant's first point of error is overruled.

By his second point, appellant maintains the evidence was legally and factually insufficient to prove he possessed the anhydrous ammonia. We disagree. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. § 2.01 (Vernon 2003).

In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.

4

Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). This standard is the same in both direct and circumstantial evidence cases. Burden v. State, 55 S.W.3d 608, 612-13 (Tex.Cr.App. 2001). We conduct this analysis by considering all the evidence before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996). We must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. Under this standard, we view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000). We must determine after considering all the evidence in a neutral light, whether the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Cr.App. 2004). In our review, we do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of the witnesses, as this was the function of the trier of fact. *See* Adelman v. State, 828 S.W.2d 418, 421 (Tex.Cr.App. 1992).

However, before determining whether the evidence is sufficient to support appellant's conviction, we must review the elements the State was required to prove. A person commits an offense if, with the intent to unlawfully manufacture a controlled

5

substance, the person possesses or transports anhydrous ammonia. Tex. Health & Safety Code Ann. § 481.124(a) (Vernon Supp. 2005). Intent to unlawfully manufacture a controlled substance is presumed if the person possesses or transports "anhydrous ammonia in a container or receptacle that is not designed and manufactured to lawfully hold or transport anhydrous ammonia." *Id.* at (b)(1).

Although anhydrous ammonia is not listed as a controlled substance under the Texas Controlled Substances Act, the standard for determining possession of the substance is the same. *See* Wootton v. State, 132 S.W.3d 80, 86 (Tex.App.–Houston [14th Dist.] 2004, pet. ref'd). The State must prove appellant (1) exercised actual care, custody, control, and management over the contraband, and (2) knew the substance he possessed was contraband. Brown v. State, 911 S.W.2d 744, 747 (Tex.Cr.App. 1995). Presenting either direct or circumstantial evidence, the State must establish appellant's connection with the drug was more than just fortuitous. *Id.* If appellant was not in exclusive possession or control of the place where the contraband was found, the State must prove independent facts and circumstances affirmatively linking him to the contraband. Guiton v. State, 742 S.W.2d 5, 8 (Tex.Cr.App. 1987). An affirmative link generates a reasonable inference that the appellant knew of the contraband's existence and exercised control over it. *See Brown*, 911 S.W.2d at 747.

Affirmative links may include, but are not limited to: (1) appellant's presence when the contraband was found; (2) whether the contraband was in plain view; (3) appellant's

proximity to and the accessibility of the contraband; (4) whether appellant was under the influence of narcotics when arrested; (5) whether appellant possessed other contraband when arrested; (6) whether appellant made incriminating statements when arrested; (7) whether appellant attempted to flee; (8) whether appellant made furtive gestures; (9) whether there was an odor of the contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether appellant owned or had the right to possess the place where the drugs were found; (12) whether the place the drugs were found was enclosed; and (13) the amount of contraband found. *See* Taylor v. State, 106 S.W.3d 827, 832 (Tex.App.–Dallas 2003, no pet.). *See also* Trejo v. State, 766 S.W.2d 381, 384 (Tex.App.–Austin 1989, no pet.). It is the logical force of these factors, individually or combined, which determines whether the State's evidence links appellant to the contraband. *Trejo,* 766 S.W.2d at 385.

In the present case, the evidence provides several affirmative links that raise reasonable inferences of appellant's knowledge and control of the anhydrous ammonia found behind his residence. Appellant was present when the substance was found. The substance was found a short distance behind appellant's trailer house in an unlocked shed which was accessible to him. A search of his residence revealed numerous items commonly associated with the manufacture of methamphetamine including a pill crusher, crushed cold tablets, blister packs containing cold tablets, a digital scale, cans of starter fluid, denatured alcohol, cartons of salt, and drain cleaner containing sulfuric acid. In the kitchen, the officers also found a key to the padlocked shed located in front of appellant's

7

residence.  A search of the front shed revealed coffee filters containing methamphetamine powder, a hand sprayer which had been converted to a HCl generator, mason jars, drain cleaner containing sulfuric acid, muriatic acid, empty cans of starter fluid, and a hot plate with an extension cord running to the trailer house.  Three boxes of cold pills were found in appellant's vehicle.  The air tank was found in a shed behind the trailer house and was not designed for the storage or transport of anhydrous ammonia.

Notwithstanding the affirmative links establishing his knowledge and possession of the substance, appellant contends the anhydrous ammonia was found away from his trailer house, and that it could have been previously placed there by someone else.  However, considering the evidence, we find that a rational jury could have reasonably reached the conclusion that appellant knew of the anhydrous ammonia located near his residence.  An investigator from the South Plains Regional Narcotics Task Force testified that it is "very common" for anhydrous ammonia containers to be stored short distances from methamphetamine labs and be brought in "after the fact to finish off" the process.  Furthermore, the jury, as trier of fact, may choose to believe all, some, or none of any witness's testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App. 1986).  A jury's decision is not manifestly unjust merely because it resolved conflicting views of evidence in favor of the State.  Cain v. State, 958 S. W.2d 404, 410 (Tex.Cr.App. 1997).

Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant possessed

the anhydrous ammonia with intent to manufacture methamphetamine. We further conclude that the evidence is not so weak that the jury's verdict was clearly wrong and unjust, nor is the verdict so against the overwhelming weight of the evidence as to be clearly wrong and unjust. We find the evidence is legally and factually sufficient to support appellant's conviction. Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.